**Silence Law Group, PLLC**
20235 N. Cave Creek Rd. Ste 104 # 460
Phoenix, AZ 85024
**Jeffrey Silence** (029143)
Direct Dial: (602) 932-8358
Email: jeff@silencelaw.com
**Trevor Cook** (037952)
Direct Dial: (602) 932-5868
Email: trevor@silencelaw.com

*Attorneys for Plaintiff*

✓ FILED ___ LODGED
___ RECEIVED ___ COPY
JUN - 4 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marilyn Grosso,<br>Plaintiff,<br>v.<br>Intermountain Centers for Human Development, Inc., an Arizona corporation, d/b/a Intermountain Health Center, Inc.,<br>Defendant. | Case No. 4:26-cv-00233-TUC-JGZ<br><br>**PLAINTIFF'S MOTION TO UNSEAL CASE AND TO PROCEED ON THE PUBLIC DOCKET** |

Plaintiff Marilyn Grosso moves the Court to unseal this matter and direct that all further proceedings be conducted on the public docket. The case was administratively sealed under the False Claims Act's qui tam sealing provisions, 31 U.S.C. § 3730(b)(2).

But Plaintiff has not filed a qui tam action. She asserts only a retaliation claim under 31 U.S.C. § 3730(h), together with claims under the ADA, FMLA, and A.R.S. § 23-1501. The qui tam seal does not apply to such a complaint.

## I. Argument

Section 3730(b) of the False Claims Act governs civil actions for violations of section 3729 brought "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). Qui tam complaints must remain under seal for at least 60 days while the Government investigates and decides whether to intervene. 31 U.S.C. § 3730(b)(2). The primary purpose

SILENCE LAW GROUP

is to protect the Government's investigation — not to shield retaliation claims. *United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995).

Subsection (h) is different. It creates a personal cause of action for any employee, contractor, or agent who is discharged or otherwise discriminated against in the terms and conditions of employment for protected anti-fraud activity. 31 U.S.C. § 3730(h)(1). A Section 3730(h) action is not brought on behalf of the United States Government under § 3730(b)(1); it is brought by the employee for the employee's own injuries. The Government recovers nothing from a § 3730(h) judgment and has no role in litigating it.

**A. Plaintiff brings only a retaliation claim, not a qui tam action.**

Because § 3730(b)(2)'s seal provision applies by its terms only to actions brought under paragraph (1) —qui tam actions — it has no application to a stand-alone § 3730(h) retaliation claim.

Plaintiff's complaint asserts no qui tam claim. The only claim it brings under the False Claims Act is a retaliation claim under Section 3730(h). *See* Compl. ¶¶ 258–281. The claim does not invoke Section 3729, does not seek treble damages, does not name the United States as a real party in interest, does not request the relief available to qui tam relators under Section 3730(d). Nor does the claim require the procedural elements required of qui tam claims, including service on the United States Attorney and the Attorney General and the filing of a disclosure statement under Section 3730(b)(2). Plaintiff is not a relator. She seeks no portion of any Government recovery. She seeks only the make-whole remedies available to her personally under § 3730(h)(2): reinstatement, double back pay, special damages, and fees.

Plaintiff acknowledges that the Complaint describes the underlying conduct she objected to and reported, and identifies the statutory provisions that conduct, if proven, would violate. See, e.g., Compl. ¶¶ 89, 263–264. The Ninth Circuit requires a § 3730(h) plaintiff to show that "a reasonable employee in the same or similar circumstances might believe, that the employer is possibly committing fraud against the government." *Moore v. Cal. Inst. of Tech. Jet Propulsion Lab'y*, 275 F.3d 838, 845 (9th Cir. 2002). A plaintiff must identify the

SILENCE LAW GROUP

SILENCE LAW GROUP

predicate violation that supports their belief that the employer may be committing fraud against the government.

**B. Plaintiff is prejudiced by the improper sealing of her complaint.**

Federal court records carry a strong common-law presumption of public access. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Sealing requires compelling reasons that outweigh that presumption. No such reason exists here. There is no requirement under the False Claims Act or any other statute to seal Plaintiff's complaint, and Plaintiff is prejudiced by the sealing.

Plaintiff cannot serve Defendant while the docket is sealed because the summons cannot issue on a sealed case. The Court's deadlines under Fed. R. Civ. P. 4(m) continue to run regardless of the case's administrative classification. Every day the seal remains is a day Plaintiff cannot prosecute her case.

**II. Conclusion**

The Court should enter an order unsealing this case and all docket entries filed to date, directing the Clerk to remove the "SEALED" designation from the docket and to permit electronic notice to be sent as in the ordinary course; and confirming that no further qui tam procedural requirements — including disclosure under § 3730(b)(2) or service on the United States — apply to this action. A proposed order is attached.

DATED this 3d day of June, 2026.

**Silence Law Group, PLLC**

Trevor Cook

Jeffrey Silence
Trevor Cook

*Attorneys for Plaintiff Marilyn Grosso*